_____

No. 14-15042
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

PATRICIA ALLANA AYERS,

*Defendant-Appellant*.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
No. 5:14-CR-00117-LSC-SGC
_____

**INITIAL BRIEF OF APPELLANT PATRICIA ALLANA AYERS**
_____

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

ALLISON CASE
Assistant Federal Public Defender
505 20th Street North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170

No. 14-15042

*United States of America v. Patricia Allana Ayers*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

1. Ayers, Matthew David, Co-Defendant;

2. Ayers, Patricia Allana, Defendant-Appellant;

3. Billingsley, Michael B., Assistant United States Attorney for the Northern District of Alabama;

4. Brower, W. Scott, Counsel for co-defendant;

5. Burrell, Mary Stuart, Assistant United States Attorney for the Northern District of Alabama;

6. Butler, Kevin L., Federal Public Defender for the Northern District of Alabama;

7. Case, Allison, Assistant Federal Public Defender for the Northern District of Alabama;

8. Coogler, The Honorable L. Scott, United States District Judge for the Northern District of Alabama;

9. Cornelius, The Honorable Staci G., United States Magistrate Judge for the Northern District of Alabama;

10. Gibson, James T., Assistant Federal Public Defender for the Northern District of Alabama;

11. Oswald, Deanna Lee, Research & Writing Attorney, Office of the Federal Public Defender for the Northern District of Alabama;

12. Richard, Junie, Supervising United States Probation Officer for the Northern District of Alabama;

13. S.F.P., minor victim;

14. Sokol, Amy, Senior United States Probation Officer for the Northern District of Alabama;

15. Tewalt, Michael T., Assistant Federal Public Defender for the Northern District of Alabama;

16. Threatt, Glennon F., Jr., Assistant Federal Public Defender for the Northern District of Alabama;

17. Vance, Joyce White, United States Attorney for the Northern District of Alabama.

# STATEMENT REGARDING ORAL ARGUMENT

Mrs. Ayers does not request oral argument because the parties' briefs and the record should adequately present the facts and legal arguments necessary to resolve this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 11th Cir. R. 34-3(b)(3).

i

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ................. c-1

Statement Regarding Oral Argument ........................................................................ i

Table of Contents ........................................................................................................ ii

Table of Citations ...................................................................................................... iii

Statement of Jurisdiction ............................................................................................ 1

Statement of the Issue ................................................................................................ 2

Statement of the Case ................................................................................................. 3

Standard of Review .................................................................................................... 5

Summary of the Argument ......................................................................................... 6

Argument .................................................................................................................... 7

    I.    A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a). ........................................................................ 7

    II.    The sentence of 19,080 months is greater than necessary to achieve the purposes of sentencing. ................................................... 8

Conclusion ................................................................................................................ 11

Certificate of Compliance ......................................................................................... 12

Certificate of Service ................................................................................................ 13

# TABLE OF CITATIONS

**Federal Cases**                                                                                    **Page(s)**

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007) ........................................5

*United States v. Aguillard*, 217 F.3d 1319 (11th Cir. 2000) (per curiam).................5

*United States v. Davis*, 329 F.3d 1250 (11th Cir. 2003) (per curiam) ......................9

*United States v. Dowell,* 771 F.3d 162 (4th Cir. 2014) .............................................9

*United States v. Gallego*, 247 F.3d 1191 (11th Cir. 2001) ........................................9

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010) (en banc) .............................7

*United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006) (per curiam) ..................9

*United States v. Livesay*, 587 F.3d 1274 (11th Cir. 2009) ........................................5

*United States v. Martin*, 455 F.3d 1227 (11th Cir. 2006) ......................................2, 7

*United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008) ........................................2, 7

**Federal Statutes**                                                                                **Page(s)**

18 U.S.C. § 2251 ................................................................................................ 3-4, 8

18 U.S.C. § 2252A(a)(5)(B) ........................................................................................3

18 U.S.C. § 3231 .........................................................................................................1

18 U.S.C. § 3553 ................................................................................................*passim*

18 U.S.C. § 3742(a) ....................................................................................................1

28 U.S.C. § 1291 ..................................................................................................1

**Federal Rules of Appellate Procedure**                                             **Page**

Fed. R. App. P. 32(a)(7)(B) ................................................................................12

**Eleventh Circuit Rules and Internal Operating Procedures**            **Page**

11th Cir. R. 32-4 ................................................................................................12

**United States Sentencing Guidelines**

USSG § 5G1.2(b) .................................................................................................4

USSG § 5G1.2(d) ......................................................................................... 4, 8-10

**Secondary Sources**

ALABAMA DEPARTMENT OF CORRECTIONS,
http://www.doc.state.al.us/InmateInfo.aspx ..........................................................4

SOCIAL SECURITY LIFE EXPECTANCY CALCULATOR,
http://www.ssa.gov/planners/lifeexpectancy.html ............................................ 9-10

## STATEMENT OF JURISDICTION

This is a direct appeal of a final judgment in a criminal case. The United States District Court for the Northern District of Alabama docketed the final judgment on October 23, 2014, and Mrs. Ayers timely filed her Notice of Appeal on November 5, 2014. (Docs. 30, 39.) The district court had subject-matter jurisdiction under 18 U.S.C. § 3231, and this Court has appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Congress has provided sentencing courts with the overarching instruction to impose sentences that are "sufficient, but not greater than necessary" to accomplish the sentencing goals outlined in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a). A sentence may be substantively unreasonable if it "does 'not achieve the purposes of sentencing stated in § 3553(a).'" *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quoting *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006)). Does Mrs. Ayers's sentence of 19,080 months achieve the purposes of sentencing?

## STATEMENT OF THE CASE

In April 2014, the grand jury for the Northern District of Alabama returned an indictment charging Mrs. Ayers and her husband, Matthew David Ayers, with a single count of possession and access of a camera and a cellular telephone with the intent to view child pornography, 18 U.S.C. § 2252A(a)(5)(B), and numerous counts of production of child pornography, 18 U.S.C. § 2251(a), and production of child pornography by a parent, 18 U.S.C. § 2251(b). (Doc. 1.) At that time, Mrs. Ayers was held in state custody on related charges and, at the government's request, she was transferred to federal custody to face the charges. (Doc. 2.)

Once in federal custody, Mrs. Ayers timely entered into a plea agreement with the government. (Doc. 17.) She agreed to plead guilty to 53 counts of production of child pornography, 18 U.S.C. § 2251(a), in exchange for the government dismissing 53 counts of production of child pornography by a parent, 18 U.S.C. § 2251(b), and the single charge under 18 U.S.C. § 2252A(a)(5)(B). *Id*. Within the plea agreement, Mrs. Ayers waived her right to appeal the sentence unless it is greater than (1) the statutorily mandated maximum punishment or (2) the guideline sentencing range determined by the court at the sentencing hearing. *Id.* at 12. In June 2014, the district court accepted Mrs. Ayers's guilty plea to 53 counts of production of child pornography, 18 U.S.C. § 2251(a), pursuant to the plea agreement. (Doc. 48 at 23.)

The presentence investigation report (PSR) calculated the total offense level as 43 and Mrs. Ayers's criminal history category as I, which corresponds to an advisory guideline range of life in prison. (PSR ¶¶ 220, 223, 255.) Because the statutorily authorized maximum sentence for a conviction under 18 U.S.C. § 2251(a) is 30 years, and therefore, less than life in prison, the PSR concluded pursuant to USSG § 5G1.2(b) and (d) that all 53 counts of conviction should run consecutively to each other. (PSR ¶ 255); *see* 18 U.S.C. § 2251(e). By applying § 5G1.2(d), the PSR concluded that the advisory guideline range is 1,590 years (53 counts x 30 years), which equates to 19,080 months. (PSR ¶ 255.)

In October 2014, the district court imposed a sentence of 19,080 months in custody to be followed by a lifetime term of supervised release. (Doc. 30.) The judgment is silent as to whether the sentence should run concurrently with any state sentence. *Id.* Following the sentencing hearing, Mrs. Ayers was returned to the custody of the State of Alabama and she is presently serving a state sentence at the Julia Tutwiler Prison for Women in Wetumpka, Alabama. (Doc. 37); *see* ALABAMA DEPARTMENT OF CORRECTIONS, http://www.doc.state.al.us/InmateInfo.aspx (last visited May 4, 2015) (providing that Mrs. Ayers is serving a life sentence with the possibility of parole). She now appeals her federal sentence of 19,080 months.

## STANDARD OF REVIEW

A challenge to the substantive reasonableness of the sentence imposed by the district court is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). However, if a sentencing issue is raised for the first time on appeal, the issue is reviewed only for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).

## SUMMARY OF THE ARGUMENT

Congress has provided sentencing courts with the overarching instruction to impose sentences that are "sufficient, but not greater than necessary" to accomplish the sentencing purposes outlined in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a). Mrs. Ayers's sentence of 19,080 months equates to 1,590 years in prison. Based on her life expectancy of 85.6 years, the sentence constitutes more than 18 lifetimes. Because the length of the sentence is greater than necessary to achieve the sentencing purposes outlined in § 3553(a), the sentence is substantively unreasonable.

**ARGUMENT**

**I.  A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a).**

Congress has provided district courts with the overarching instruction to impose sentences that are "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a). This Court has described this instruction as the "Goldilocks principle," requiring that "a sentencing court when handing down a sentence be stingy enough to avoid one that is too long, but also that it be generous enough to avoid one that is too short." *United States v. Irey*, 612 F.3d 1160, 1197 (11th Cir. 2010) (en banc). The § 3553(a)(2) factors include, among others: (1) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need to afford adequate deterrence; (3) the need to protect the public from further crimes of the defendant; (4) the applicable guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. A sentence may be substantively unreasonable if it "does 'not achieve the purposes of sentencing stated in § 3553(a).'" *Pugh*, 515 F.3d at 1191 (quoting *Martin*, 455 F.3d at 1237).

## II. The sentence of 19,080 months is greater than necessary to achieve the purposes of sentencing.

The district court in Mrs. Ayers's case determined the advisory guideline range as 19,080 months in custody because it stacked each of the 53 counts of conviction pursuant to USSG § 5G1.2(d). Section 5G1.2(d) provides:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

The district court found that § 5G1.2(d) applied because the "total punishment" under the Sentencing Guidelines was life in prison and the statutory maximum sentence for each count of conviction is 30 years.[1] Invoking § 5G1.2(d), the district court stacked all 53 counts of conviction under 18 U.S.C. § 2251(a).

Although not raised to the district court, stacking all 53 counts of conviction was unnecessary to reach the "total punishment." Section 5G1.2(d) instructs a district court to stack the multiple counts of conviction "only to the extent necessary to produce a combined sentence equal to the total punishment" and that "[i]n all other respects, sentences on all counts shall run concurrently." In reviewing this

---

[1] The guidelines commentary explains: "The combined length of the sentences ('total punishment') is determined by the court after determining the adjusted combined offense level and the Criminal History Category and determining the defendant's guideline range on the Sentencing Table in Chapter Five, Part A (Sentencing Table)." § 5G1.2, app. n.1.

8

guideline provision, this Court has explained that "§ 5G1.2(d) requires that sentences run consecutively to the extent necessary to reach the defendant's guidelines range." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (per curiam) (citing *United States v. Davis*, 329 F.3d 1250, 1253-54 (11th Cir. 2003) (per curiam)). And in the specific context of an advisory guideline range of life in prison, this Court has noted that § 5G1.2(d) requires "the district court to impose consecutive sentences sufficient to equal life imprisonment." *United States v. Gallego*, 247 F.3d 1191, 1200, n.19 (11th Cir. 2001).

At least one district court has recognized that stacking counts beyond an individual's lifetime is unnecessary and not required under § 5G1.2. In *United States v. Dowell,* 771 F.3d 162 (4th Cir. 2014), the district court found that the PSR's recommended sentence of 4,560 months "to be unrealistic and not required by § 5G1.2, and, in light of [the defendant's] age, determined that a sentence of 960 months was tantamount to a life sentence." 771 F.3d at 166. The district court explained, "'[g]iven [the defendant's] age, there's no practical reason, no reason under the guidelines or the case law, to calculate the guidelines to run any additional sentences consecutive beyond the 960 months.'" *Id*. at 166-67. The Fourth Circuit affirmed this sentence following the defendant's appeal. *Id*. at 177.

In the instant case, Mrs. Ayers was 34 years old at the time of sentencing and her life expectancy is 85.6 years. (PSR, p.3; SOCIAL SECURITY LIFE EXPECTANCY

9

CALCULATOR, http://www.ssa.gov/planners/lifeexpectancy.html (last visited May 4, 2015.)) To reach a sentence equal to life imprisonment, the district court needed to run only 3 counts consecutively and thereby reach 90 years in prison. The stacking of the additional 50 counts is unnecessary and beyond the purpose of § 5G1.2. Indeed, the plain language of § 5G1.2(d) anticipates that only certain counts must be stacked to reach the total punishment because the guideline provides that "[i]n all other respects, sentences on all counts shall run concurrently."

On the whole, the advisory guideline range adopted by the district court is unnecessary under § 5G1.2(d) and, for these same reasons, the sentence of 19,080 months is greater than necessary to achieve the purposes of sentencing. A sentence far beyond Mrs. Ayers's lifetime is plainly greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to protect the public from further crimes. *See* 18 U.S.C. § 3553(a). And for these reasons, the sentence is substantively unreasonable.

## CONCLUSION

Based on the foregoing reasons, Mrs. Ayers's sentence is due to be vacated, and this cause remanded.

                                        Respectfully submitted,

                                        KEVIN L. BUTLER
                                        Federal Public Defender
                                        Northern District of Alabama

                                        */s/ Allison Case*
                                        ALLISON CASE
                                        Assistant Federal Public Defender
                                        505 20th Street North, Suite 1425
                                        Birmingham, Alabama 35203
                                        (205) 208-7170

## CERTIFICATE OF COMPLIANCE

     Counsel for Patricia Allana Ayers certifies that this brief complies with the volume limitations set forth in Fed. R. App. P. 32(a)(7)(B) and 11th Cir. R. 32-4. The brief contains 2,670 countable words. Times New Roman 14 is the type size and style used in this brief.

*/s/ Allison Case* _____
ALLISON CASE
Assistant Federal Public Defender
Northern District of Alabama

## CERTIFICATE OF SERVICE

I certify that on May 4, 2015, the foregoing Brief of Appellant was filed electronically using this Court's CM/ECF system and that a true and correct copy was served on counsel for the Appellee and on the Appellant by either first-class United States mail or Federal Express overnight delivery, postage prepaid, addressed as follows:

Michael B. Billingsley
Assistant United States Attorney
1801 4th Avenue North
Birmingham, Alabama 35303

Ms. Patricia Allana Ayers
#298397
Julia Tutwiler Prison for Women
8966 U.S. Highway 231 North
Wetumpka, Alabama 36092

On this same date, the original and additional copies of the foregoing Brief of Appellant were filed by Federal Express overnight delivery, postage prepaid, addressed as follows:

Clerk's Office — Appeal No. 14-15042
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

*Allison Case* _____
ALLISON CASE
Assistant Federal Public Defender
Northern District of Alabama