**No. 14-15042**

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

PATRICIA ALLANA AYERS,

*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
No. 5:14-CR-00117-LSC-SGC

# RECORD EXCERPTS

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

ALLISON CASE
Assistant Federal Public Defender
505 20th Street North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170

# INDEX of EXPANDED RECORD EXCERPTS

**Docket/Tab #**

District Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Application for Writ of Habeas Corpus ad Prosequendum . . . . . . . . . 2

Plea Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Writ Returned Executed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Transcript from Plea Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B

Presentence Investigation Report [SEALED]



CLOSED,APPEAL

**U.S. District Court**
**Northern District of Alabama (Northeastern)**
**CRIMINAL DOCKET FOR CASE #: 5:14-cr-00117-LSC-SGC-1**

Case title: USA v. Ayers et al

Date Filed: 04/30/2014
Date Terminated: 10/23/2014

Assigned to: Judge L Scott Coogler
Referred to: Magistrate Judge Staci G Cornelius

Appeals court case number: # 14-15042-F

**Defendant (1)**

**Patricia Allana Ayers**
*TERMINATED: 10/23/2014*

represented by **Kevin L Butler**
FEDERAL PUBLIC DEFENDER
Northern District of Alabama
505 20th Street North, Suite 1425
Birmingham, AL 35203
205-504-4440/205-208-7170
Email: ALNFD_Notice@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Michael T Tewalt**
ASSISTANT FEDERAL PUBLIC DEFENDER
Northern District of Alabama
200 Clinton Avenue West, Suite 503
Huntsville, AL 35801
256-656-6445
Email: Michael_Tewalt@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Allison Case**
ASSISTANT FEDERAL PUBLIC DEFENDER
Northern District of Alabama
505 20th Street North
Suite 1425
Birmingham, AL 35203
205-504-0929/205-208-7170
Email: Allison_Case@fd.org

*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Deanna L Oswald**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
200 Clinton Avenue West Suite 503
Huntsville, Al 35801
256-684-8700
Fax: 256-519-5948
Email: Deanna_Oswald@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Glennon F Threatt , Jr**
ASSISTANT FEDERAL PUBLIC DEFENDER
Northern District of Alabama
505 20th Street North, Suite 1425
Birmingham, AL 35203
205-504-1642/205-208-7170
Email: Glennon_Threatt@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**James Tobia Gibson**
FEDERAL PUBLIC DEFENDER
505 20th Street, North
Suite 1425
Birmingham, Al 35203
205-208-7170
Fax: 205-307-2567
Email: James_Gibson@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251(a)SEXUAL EXPLOITATION OF CHILDREN (1) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec; |
| 18:2251(a)SEXUAL EXPLOITATION OF CHILDREN (3) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)SEXUAL EXPLOITATION OF CHILDREN (5) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |

| | |
|---|---|
| 18:2251(a)SEXUAL EXPLOITATION OF CHILDREN (7) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)SEXUAL EXPLOITATION OF CHILDREN (9) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (11) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (13) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (15) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (17) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (19) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (21) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (23) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (25) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (27) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (29) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (31) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (33) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (35) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN | CBP TOTAL 19,080 mos: 360 mos as to |

| | |
|---|---|
| (37) | ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (39) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (41) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (43) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (45) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (47) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (49) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (51) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (53) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (55) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (57) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (59) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (61) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (63) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (65) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (67) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |

| | |
|---|---|
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (69) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (71) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (73) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (75) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (77) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (79) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (81) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (83) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (85) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (87) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (89) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (91) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (93) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (95) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (97) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN | CBP TOTAL 19,080 mos: 360 mos as to |

|  |  |
|---|---|
| (99) | ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (101) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (103) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec |
| 18:2251(a) SEXUAL EXPLOITATION OF CHILDREN (105) | CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec; SRT LIFE; No fine; AF $5300.00 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2251(b)SEXUAL EXPLOITATION OF CHILDREN (2) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)SEXUAL EXPLOITATION OF CHILDREN (4) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)SEXUAL EXPLOITATION OF CHILDREN (6) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)SEXUAL EXPLOITATION OF CHILDREN (8) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)SEXUAL EXPLOITATION OF CHILDREN (10) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (12) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (14) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (16) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (18) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (20) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL | Govt's oral motion to dismiss EVEN |

| | |
|---|---|
| EXPLOITATION OF CHILDREN (22) | numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (24) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (26) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (28) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (30) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (32) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (34) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (36) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (38) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (40) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (42) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (44) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (46) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (48) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (50) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (52) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |

| | |
|---|---|
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (54) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (56) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (58) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (60) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (62) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (64) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (66) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (68) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (70) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (72) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (74) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (76) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (78) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (80) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (82) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - |

| | |
|---|---|
| (84) | GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (86) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (88) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (90) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (92) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (94) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (96) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (98) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (100) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (102) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (104) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2251(b) SEXUAL EXPLOITATION OF CHILDREN (106) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |
| 18:2252A(a)(5)(B)and(b)(2) ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO (107) | Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**

represented by **Joyce White Vance, US Attorney**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203-2101
244-2001
Email: usaaln.ecfusa@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Probation**
UNITED STATES PROBATION
OFFICE
Robert Vance Bldg.
1800 5th Avenue North
Birmingham, AL 35203
716-2900
Email: alnpdb_cmecf@alnp.uscourts.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**USM**
UNITED STATES MARSHAL
Hugo Black Courthouse, Room 240
1729 5th Avenue North
Birmingham, AL 35203
205-731-1712
Email: usms-aln-courts@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mary Stuart Burrell**
US ATTORNEY'S OFFICE
400 Meridian Street, Suite 304
Huntsville, AL 35801
256-534-8285
Fax: 256-539-3270
Email: mary.stuart.burrell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2014 | 1 | INDICTMENT |

| | | |
|---|---|---|
| | | **Please file all subsequent documents using the criminal case number assigned to this indictment.** as to Patricia Allana Ayers (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, Matthew David Ayers (2) count(s) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 89, 90, 107. (HBB, ) (Additional attachment(s) added on 5/2/2014: # 1 signed indictment (sealed)) (HBB, ). (Entered: 05/02/2014) |
| 05/02/2014 | | Set/Reset Hearings as to Patricia Allana Ayers, Matthew David Ayers: Arraignment set for 5/14/2014 10:00 AM in Federal Courthouse, Huntsville, AL before Magistrate-Judge Harwell G Davis III. (HBB, ) (Entered: 05/02/2014) |
| 05/05/2014 | 2 | Application for Writ of Habeas Corpus ad Prosequendum as to Patricia Allana Ayers (Burrell, Mary) (Entered: 05/05/2014) |
| 05/05/2014 | | Writ of Habeas Corpus ad Prosequendum Issued Lauderdale County Jail, Florence, AL as to Patricia Allana Ayers, Matthew David Ayers for Wednesday, 5/14/2014 @ 10:00 a.m. in Huntsville, AL (HBB, ) (Entered: 05/05/2014) |
| 05/12/2014 | | Attorney update in case as to Patricia Allana Ayers. Attorney Kevin L Butler for Patricia Allana Ayers added as appt counsel. (SHB, ) (Entered: 05/12/2014) |
| 05/12/2014 | 4 | SCHEDULING ORDER AND NOTICE as to Patricia Allana Ayers Signed by Magistrate Judge Staci G Cornelius on 5/12/14(CJV) (Entered: 05/12/2014) |
| 05/12/2014 | 5 | STANDING ORDER as to Patricia Allana Ayers Signed by Magistrate Judge Staci G Cornelius on 5/12/14(CJV) (Entered: 05/12/2014) |
| 05/12/2014 | 7 | NOTICE OF ATTORNEY APPEARANCE: Michael T Tewalt appearing for Patricia Allana Ayers (Tewalt, Michael) (Entered: 05/12/2014) |
| 05/12/2014 | 8 | NOTICE OF ATTORNEY APPEARANCE: James Tobia Gibson appearing for Patricia Allana Ayers (Gibson, James) (Entered: 05/12/2014) |
| 05/13/2014 | 11 | RESPONSE to by USA as to Patricia Allana Ayers, Matthew David Ayers (Burrell, Mary) (Entered: 05/13/2014) |
| 05/14/2014 | | Minute Entry for proceedings held before Magistrate Judge Harwell G Davis, III:Initial Appearance and Arraignment as to Patricia Allana Ayers (1) Count 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30, 31,32,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57,58, 59,60,61,62,63,64,65,66,67,68,69,70,71,72,73,74,75,76,77,78,79,80,81,82,83,84,85,86, 87,88,89,90,91,92,93,94,95,96,97,98,99,100,101,102,103,104,105,106,107 held on 5/14/2014; charges and rights explained; dft deemed eligible for court appt counsel; Michael Tewalt present for FPD's office; dft wvd rdg of indictment and entered plea of not guilty; bond not an issue as dft borrowed on writ; dft remanded to custody of USM pending disposition of case (Court Reporter C. Decker.) (SHB, ) Modified on 5/14/2014 (SHB, ). (Entered: 05/14/2014) |
| 05/15/2014 | 12 | NOTICE OF ATTORNEY APPEARANCE: Glennon F Threatt, Jr appearing for Patricia Allana Ayers (Threatt, Glennon) (Entered: 05/15/2014) |
| | | |

| | | |
|---|---|---|
| 06/11/2014 | | NOTICE OF HEARING as to **PATRICIA ALLANA AYERS: Change of Plea Hearing set for Thursday, 6/26/2014, at 11:30 AM**, CR 5B, Hugo L Black US Courthouse, Birmingham, AL before Judge L Scott Coogler. Counsel for the defendant is reminded of the requirement of filing the Guilty Plea Advice of Rights Form in the courtroom immediately prior to this proceeding. (See http://www.alnd.uscourts.gov/coogler/CooglerPage.htm for this form.)(YMB) (Entered: 06/11/2014) |
| 06/25/2014 | | NOTICE OF HEARING as to **Patricia Allana Ayers**: **Change of Plea Hearing previously set for Thursday, 6/26/2014 at 11:30 AM, is RESET for 10:30 AM, THAT SAME DATE**, CR 5B, Hugo L Black US Courthouse, Birmingham, AL before Judge L Scott Coogler. (YMB) (Entered: 06/25/2014) |
| 06/26/2014 | | Minute Entry for proceedings held before Judge L Scott Coogler:**Change of Plea Hearing as to Patricia Allana Ayers held on 6/26/2014**. Guilty Plea entered by Patricia Allana Ayers (1) as to Cts 1,3,5,7,9,11,13,15,17,19,21,23,25,27,29,31,33,35,37,39,41,43,45,47,49,51,53,55,57, 59,61,63,65,67,69,71,73,75,77,79,81,83,85,87,89,91,93,95,97,99,101,103,and 105; dft consented to pay restitution and to an order of forfeiture as noted in the plea agreement; Govt will move to dismiss all remaining cts as to this dft at sentencing. Court accepted plea and adjudged dft guilty as charged in the aforementioned cts in the Indictment. Dft remanded to custody of USM pending sentencing hearing. (Court Reporter Lindy Fuller.) (YMB) (Entered: 06/27/2014) |
| 06/26/2014 | 16 | GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION by Patricia Allana Ayers. (YMB) (Entered: 06/27/2014) |
| 06/26/2014 | 17 | PLEA AGREEMENT as to Patricia Allana Ayers. (YMB) (Entered: 06/27/2014) |
| 06/27/2014 | 20 | ORDER as to Patricia Allana Ayers: **Sentencing set for Wednesday, 10/22/2014, at 9:00 AM**, 2nd Floor District Courtroom, Federal Building, Tuscaloosa, AL before Judge L Scott Coogler. Signed by Judge L Scott Coogler on 6/27/14. (YMB) (Entered: 06/27/2014) |
| 10/20/2014 | 22 | MOTION to Seal Document by USA as to Patricia Allana Ayers. (Burrell, Mary) (Entered: 10/20/2014) |
| 10/20/2014 | | ORDER GRANTING 22 and 23 Motions to Seal Documents as to Patricia Allana Ayers and Matthew David Ayers. Signed by Judge L Scott Coogler on 10/20/14. (YMB) (Entered: 10/20/2014) |
| 10/20/2014 | 24 | Sealed Document as to Patricia Allana Ayers. (YMB) (Entered: 10/20/2014) |
| 10/21/2014 | 26 | SENTENCING MEMORANDUM by Patricia Allana Ayers (Tewalt, Michael) (Entered: 10/21/2014) |
| 10/22/2014 | | Minute Entry for proceedings held before Judge L Scott Coogler:**Sentencing held on 10/22/2014 for Patricia Allana Ayers (1)**. Govt's oral motion to dismiss EVEN numbered cts 2-106 and ct 107 - GRANTED. Govt's oral motion to w/d forfeiture - GRANTED. GX1 admitted into evidence UNDER SEAL. SENTENCE: **CBP TOTAL 19,080 mos**: 360 mos as to ODD numbered cts 1-105, sep/consec; SRT LIFE w/spec conds: Sex Offender Conds; No fine; AF $5,300 due immediately. Dft remanded to custody of USM. (Court Reporter Lindy Fuller.) (YMB) (Entered: 10/23/2014) |
| 10/23/2014 | 28 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Patricia Allana Ayers filed w/USP (HBB, ) (SMH2, ). (Entered: 10/23/2014) |

| | | |
|---|---|---|
| 10/23/2014 | 29 | Sentencing Recommendations (Sealed) as to Patricia Allana Ayers filed w/USP (HBB, ) (SMH2, ). (Entered: 10/23/2014) |
| 10/23/2014 | 30 | JUDGMENT as to Patricia Allana Ayers (1) Govt's oral motion to dismiss EVEN numbered cts 2-106 and 107 - GRANTED on record at sentencing; CBP TOTAL 19,080 mos: 360 mos as to ODD numbered cts 1-105, sep/consec; SRT LIFE; No fine; AF $5300.00. Signed by Judge L Scott Coogler on 10/23/2014. (HBB, ) (Entered: 10/23/2014) |
| 10/23/2014 | 31 | SOR - Sealed Document as to Dft #1, Patricia Allana Ayers (HBB, ) (Entered: 10/23/2014) |
| 10/29/2014 | 37 | Writ of Habeas Corpus ad Prosequendum (issued 5/5/14) Returned Executed as to Patricia Allana Ayers on 10/29/14. Dft del to Lauderdale Co. Jail. (SMH2, ) (Entered: 11/03/2014) |
| 11/05/2014 | 39 | NOTICE OF APPEAL by Patricia Allana Ayers re 30 Judgment, Appeal Record due by 11/6/2014. (Tewalt, Michael) (Entered: 11/05/2014) |
| 11/05/2014 | 42 | Transmittal Letter as to Patricia Allana Ayers re 39 Notice of Appeal - Final Judgment (HBB, ) (Entered: 11/05/2014) |
| 11/05/2014 | 43 | Transmission of Notice of Appeal and Docket Sheet as to Patricia Allana Ayers to US Court of Appeals re 39 Notice of Appeal - Final Judgment (HBB, ) (Entered: 11/05/2014) |
| 11/14/2014 | | USCA Case Number as to Patricia Allana Ayers # 14-15042-F for 39 Notice of Appeal - Final Judgment filed by Patricia Allana Ayers. (DWC, ) (Entered: 11/14/2014) |
| 11/14/2014 | 44 | NOTICE OF ATTORNEY APPEARANCE: Allison Case appearing for Patricia Allana Ayers (Case, Allison) (Entered: 11/14/2014) |
| 11/14/2014 | 45 | NOTICE OF ATTORNEY APPEARANCE: Deanna L Oswald appearing for Patricia Allana Ayers (Oswald, Deanna) (Entered: 11/14/2014) |
| 11/18/2014 | 46 | TRANSCRIPT REQUEST Part I filed by atty A Case as to dft Patricia Allana Ayers for proceedings held on 6/26/14 and 10/22/14 before Judge L. Scott Coogler, re 39 Notice of Appeal - Final Judgment Transcript due by 11/28/2014. (Case, Allison) cm J Musso, crtrptr L Fuller on 11/18/2014 (DWC, ). (Entered: 11/18/2014) |
| 03/16/2015 | 48 | Transcript filed as to Patricia Allana Ayers for dates of 6/26/2014 Plea Hearing before Judge Coogler, re 39 Notice of Appeal - Final Judgment Court Reporter/Transcriber L. Fuller. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. a copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf See Transcript Redaction Policy Redaction Request due 4/6/2015. Redacted Transcript Deadline set for 4/16/2015. Release of Transcript Restriction set for 6/14/2015. (Attachments: # 1 signature page) (25 pages)(HBB, ) (Entered: 03/16/2015) |
| 03/16/2015 | 49 | Transcript filed as to Patricia Allana Ayers for dates of 10/22/2014 Sentencing Hearing before Judge Coogler, re 39 Notice of Appeal - Final Judgment Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber L. Fuller. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. a copy can be obtained at http://www.alnd.uscourts.gov/local/court% 20forms/transcripts/Transcript% 20Redaction%20Policy.pdf See Transcript Redaction Policy Redaction Request due 4/6/2015. Redacted Transcript Deadline set for 4/16/2015. Release of Transcript Restriction set for 6/14/2015. (Attachments: # 1 signature page)(22 pages)(HBB, ) (Entered: 03/16/2015) |
| 03/16/2015 | | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Alabama certifies that the record is complete for purposes of this appeal re: 39 Notice of Appeal - Final Judgment, as to Dft #1, Patricia Ayers, Appeal No. 14-15042-FF. The entire record on appeal is available electronically, (HBB, ) (Entered: 03/16/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/11/2015 07:45:45 | | | |
| **PACER Login:** | pd2274:3850045:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:14-cr-00117-LSC-SGC |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

1

FILED
2014 May-02 AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**JWV/MSB: MAY 2014**
**GJ#22**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ALABAMA**

**NORTHEASTERN DIVISION**

**UNITED STATES OF AMERICA )**
**)**
**v. )**
**)**
**PATRICIA ALLANA AYERS and )**
**MATTHEW DAVID AYERS )**

**INDICTMENT**

**COUNT ONE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6119330, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of

interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT TWO: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119330, and that the defendant knew and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT THREE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6119331, and that the defendant knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT FOUR: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119331, and that the defendant

knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT FIVE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number

6119332, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SIX: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 6119332, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SEVEN: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as

defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6119333, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT EIGHT: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119333, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT NINE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section

2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6119334, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT TEN: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119334, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT ELEVEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 153065, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWELVE: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 153065, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTEEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842008, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FOURTEEN: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842008, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTEEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842009, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT SIXTEEN: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842009, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT SEVENTEEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842010, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT EIGHTEEN: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P., to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842010, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT NINETEEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842011, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842011, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT TWENTY-ONE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842012, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY-TWO: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842012, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT TWENTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842013, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842013, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT TWENTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842014, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842014, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT TWENTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842015, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY-EIGHT: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842015, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT TWENTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842016, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842016, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTY-ONE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842017, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY-TWO: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842017, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842019, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842019, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842020, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842020, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842021, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY-EIGHT: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842021, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18 United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842024, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842024, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**<u>COUNT FORTY-ONE</u>: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842025, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY-TWO: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842025, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FORTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842028, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842028, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FORTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842029, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842029, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FORTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842032, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY-EIGHT: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842032, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FORTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842033, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842033, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTY-ONE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842034, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY-TWO: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842034, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842037, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842037, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842038, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842038, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 31st day of May 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6056905, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY-EIGHT: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 31st day of May 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6056905, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTY-NINE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 26th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1061, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SIXTY: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 26th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1061, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SIXTY-ONE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1065, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**<u>COUNT SIXTY-TWO</u>: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1065, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SIXTY-THREE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1066, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**<u>COUNT SIXTY-FOUR</u>: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the

Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1066, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SIXTY-FIVE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the

Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1067, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SIXTY-SIX: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1067, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SIXTY-SEVEN: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1069, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SIXTY-EIGHT: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1069, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SIXTY-NINE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1070, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SEVENTY: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1070, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SEVENTY-ONE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1072, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section

2251(a).

**COUNT SEVENTY-TWO: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1072, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States

Code, Section 2251(b).

**<u>COUNT SEVENTY-THREE</u>: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1073, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the

internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SEVENTY-FOUR: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1073, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign

commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SEVENTY-FIVE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1074, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign

commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SEVENTY-SIX: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1074, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of

interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SEVENTY-SEVEN: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1078, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been

transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT SEVENTY-EIGHT: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1078, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction

has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SEVENTY-NINE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1079, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by

computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT EIGHTY: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1079, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by

any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**<u>COUNT EIGHTY-ONE</u>: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1080, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and

transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT EIGHTY-TWO: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1080, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that

have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT EIGHTY-THREE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1081, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was

produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT EIGHTY-FOUR: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1081, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce,

and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT EIGHTY-FIVE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1082, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and

affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

**COUNT EIGHTY-SIX: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1082, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT EIGHTY-SEVEN: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 6th day of January 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1086, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of

interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT EIGHTY-EIGHT: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 6th day of January 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1086, and that the defendant knew and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT EIGHTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 2nd day of June 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1089, and that the defendants knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT NINETY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 2nd day of June 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1089, and that the defendants knew and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT NINETY-ONE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number

1100, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT NINETY-TWO: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1100, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT NINETY-THREE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1101, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT NINETY-FOUR: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1101, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT NINETY-FIVE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the

Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1102, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT NINETY-SIX: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1102, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT NINETY-SEVEN: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1103, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code,

Section 2251(a).

**COUNT NINETY-EIGHT: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1103, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting

interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT NINETY-NINE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1104, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually

been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT ONE HUNDRED: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1104, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign

commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT ONE HUNDRED AND ONE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1108, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was

produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT ONE HUNDRED AND TWO: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1108, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT ONE HUNDRED AND THREE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1109, and that the defendant knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT ONE HUNDRED AND FOUR: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 1109, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT ONE HUNDRED AND FIVE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 23rd day of November 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as

defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1122, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT ONE HUNDRED AND SIX: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 23rd day of November 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS,**

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1122, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT ONE HUNDRED AND SEVEN: (18 U.S.C. § 2252A(a)(5)(B) and (b)(2))**

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did knowingly possess and access with intent to view material that contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that has been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, to wit: the internet, a camera and a cellular telephone, and that was produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: a camera and a cellular telephone, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

**NOTICE OF FORFEITURE**
**[18 U.S.C. § 2253(a)]**

As a result of the foregoing offenses alleged in COUNTS ONE THROUGH ONE HUNDRED AND SEVEN of this Indictment, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

shall forfeit to the United States:

(a) any visual depiction described in Title 18, United States Code, Sections 2251, 2252, 2252A, or any book, magazine, periodical, film, videotape, computer disk, thumb drive, flash drive, or other matter which contains any such visual

depiction, which was produced, transported, mailed, shipped, and received in violation of Chapter 110 of the United States Code, and any property, real or personal, used and intended to be used to commit and to promote the commission of such offenses, including but not limited to:

1) one (1) Samsung cellular telephone;

2) one (1) Cannon camera; and

3) one (1) Acer laptop computer.

A TRUE BILL

*/s/ electronic signature*

FOREPERSON OF THE GRAND JURY

JOYCE WHITE VANCE
United States Attorney

*/s/ electronic signature*
MARY STUART BURRELL
Assistant United States Attorney

2

FILED
2014 May-05 AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

Memorandum

---

Subject
Writ of Habeas Corpus
United States v. Patricia Allana Ayers
Case No. 5:14-CR-00117-LSC-SGC

Date
May 5, 2014

---

To Clerk of the Court
Northern District of Alabama

*/s/Electronic Signature*
From Mary Stuart Burrell
Assistant U.S. Attorney

Please cause a Writ of Habeas Corpus Ad Prosequendum to be issued to the Lauderdale County Jail in Florence, Alabama, for Patricia Allana Ayers to appear before this court in the above case for an arraignment on May 14, 2014 at 10:00 a.m. in Huntsville, Alabama.

17

FILED
2014 Jun-27 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ALABAMA**

**NORTHEASTERN DIVISION**

FILED
JUN 26 2014
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**UNITED STATES OF AMERICA** )
)
**v.** ) **5:14-CR-117-LSC-SGC**
)
**PATRICIA ALLANA AYERS** )

**PLEA AGREEMENT**

The Government and defendant hereby acknowledge the following plea agreement in this case:

**PLEA**

The defendant agrees to (i) plead guilty to **Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103 and 105** of the Indictment filed in the above numbered and captioned matter; (ii) pay restitution as recommended by the Government and (iii) consent to an order of forfeiture. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss the remaining counts as to this defendant only and recommend

Defendant's Initials P.A.A.

the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251 (a), as charged in Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103 and 105, is:

a. Imprisonment for not less than 15 years and up to 30 years for each count;

b. A fine of not more than $250,000, or;

c. Both (a and b);

d. Supervised release of not less than 5 years and up to life; and

e. Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at

Defendant's Initials P.A.A.

the trial of this case:

12/01/2012 Sean Patrick Fannon and Carinn Seabolt arranged a meeting with Patricia and Matthew Ayers after Fannon spoke with Patricia Ayers on www.okcupid.com. All four visited in the Ayers's residence where Fannon and Seabolt were introduced to the children living in the home, to include the victim. The children were put to bed and the four adults went to the Ayers's bedroom and engaged in intimate activity.

12/08/2012 The Ayers family visited Fannon and Seabolt at their residence in Toney, Alabama. Fannon described the visit as a meet and greet. Patricia Ayers attempted to provide Fannon with some intimate pictures of herself and Matthew Ayers with a thumb drive, but the thumb drive did not function. Ayers promised to bring her computer the next time the couples got together.

12/14/2012 The Ayers's family was invited to spend the weekend with Fannon and Seabolt at their residence. During the visit, Fannon provided digital files of pictures of he and Seabolt to Patricia Ayers, who in turn provided digital images to Fannon of what she said were images of her and Matthew Ayers. Fannon believed that they were exchanging images of adults engaged in intimate behavior. The exchange of files occurred over Fannon's wireless system.

12/22/2012 Fannon was in Chatanooga, Tennessee, when he first opened the files provided to him by Patricia Ayers. While viewing the pictures he saw pornographic images of the victim and immediately closed the files and contacted Seabolt to explain what he had seen. During the conversation both agreed that Fannon should immediately contact law enforcement in order to ensure the safety of the children living in the Ayers residence. Fannon attempted contact with the Lauderdale County Sheriff's Department and the Lauderdale County Department of Human Resources, but was referred to the Madison County Sheriff's Department.

Defendant's Initials P.A.A.

12/24/2012 Upon his return from Tennessee, Fannon met with Madison County Deputy Koch and advised the deputy of the above. Fannon turned over his computer and signed a consent to search form for his computer. Deputy Koch confirmed the child pornography and contacted Sergeant Shaw, also of the Madison County Sheriff's Office.

12/28/2012 Sgt. Shaw and ABI Forensic Agent Joey Hughes reviewed Fannon's computer and retrieved five images of child pornography.

01/02/2013 Sgt. Shaw made contact with Inv. Richard Richey of the Lauderdale County Sheriff's Office to explain the situation.

01/03/2013 Inv. Richey served a search warrant at the Ayers's residence, located at 1801 County Road 298 in Florence, Alabama. Computers, cell phones, cameras and electronic storage media devices were seized. Both Ayers were present. Patricia Ayers was transported back to the Sheriff's Department where, after waiving Miranda, admitted to taking the images of the victim. She claimed that the images were taken for the purpose of documenting a rash. Patricia Ayers was subsequently arrested.

01/08/2013 The assistance of the FBI was requested by local authorities.

01/10/2013 ABI Forensic Agent Ken Rager, during a review of the computer items, located images depicting the victim and Matthew Ayers engaged in sexual acts. Matthew Ayers was subsequently arrested.

01/11/2013 Another local search warrant was served at the Ayers residence to locate and document items seen in identified images of child pornography suspected of being produced in the Ayers residence.

01/12/2013 An address previously occupied by the Ayers at 21856 County Road 8 in Florence, Alabama, was located and the present

Defendant's Initials P.A.A.

owners consented to law enforcement documentation of wallpaper in the residence. This wallpaper was seen in some of the identified images of child pornography.

02/07/2013    All electronic/computer evidence seized during the search warrants was turned over to the FBI for review.

02/27/2013    A federal defendant named Charles Smolens was interviewed regarding a separate and seemingly unrelated child pornography case in Dallas, Texas, by SA Chris Thompson of the FBI. Smolens admitted to receiving and possessing images of child pornography and claimed that those images were sent to him by Patricia Ayers over his Yahoo e-mail account. SA Thompson linked to the open Birmingham case targeting Patricia Ayers and contacted SA Pat Stokes, who was investigating the Ayers in Alabama. It was discovered that the cases were connected. During an interview, Smolens described an ongoing online relationship with Patricia Ayers beginning in 2009 and ending in 2011. During that period, Ayers sent numerous pornographic images of the child victim to him via e-mail. The images contained depictions of the victim in lewd and lascivious poses, and of the victim and both Patricia and Matthew Ayers engaged in sexual acts together. Smolens denied ever meeting the child victim. Smolens did advise that Ayers flew to Texas and that he and Ayers had sex. A review of the email exchanges between Smolens and Ayers revealed that Ayers intended to take the child victim with her on her next trip to Texas so that Smolens could have sexual contact with the child.

08/05/2013    Auburn Shukla, a court appointed special advocate for the family court, interviewed Patricia Ayers regarding the victim. During the interviews, Patricia Ayers advised that all pictures of the victim and sexual activity with the victim were done at the request of a man in Texas. Ayers told Shukla that she had specific rules regarding sexual activity between her, Matthew and the victim. The rules were no penetration and that everything was with the consent of the victim. (The images are not consistent with these "rules.")

Defendant's Initials P.A.A.

08/12/2013 Alyssa Farris, Gateway Family Specialist, spoke with the victim who advised that Matthew had touched her privates and that her mother was present when it occurred. The victim also told Farris that she had asked Matthew to stop, but he did not stop and her mother, who was present, did not make Matthew stop.

08/22/2013 Received a certified certificate of birth for the victim showing a date of birth of 10/29/2004.

04/07/2013 It was determined that all of the images were made with either Patricia Ayers's cellular telephone or with a camera found at the home. Neither the phone nor the camera were manufactured in the United States. All of the images were produced in the Northern District of Alabama in Lauderdale County.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

Patricia Allana Ayers
**PATRICIA ALLANA AYERS**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend

Defendant's Initials P.A.A.

the following disposition:

(a) The government will recommend a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt acceptance of personal responsibility for the defendant's conduct. The government may oppose *any* adjustment for acceptance of responsibility if the defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the defendant's involvement in the offense; (iv) is untruthful with the Court, the government, or the United States Probation Officer; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

(b) The government will recommend that the defendant be remanded to

Defendant's Initials P.A.A.

the custody of the Bureau of Prisons and incarcerated for a term within the advisory United States Sentencing Guideline range as that is determined by the Court on the date that the sentence is pronounced, and after both parties have had full right of allocution.

(c) The government will recommend, that following the recommended term of imprisonment, the defendant be placed on supervised release for a period up to Life, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special condition(s):

i. That the defendant be required to register as a sex offender for the full term of the defendant's supervised release, or for the full term provided for under the law of the jurisdiction the defendant chooses as the defendant's domicile, whichever is longer.

ii. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer; this includes prohibiting the defendant from having any contact with any child by telephone or the internet. The defendant shall immediately report any

unauthorized contact with minor-aged children to the Probation Officer;

iii. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

iv. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay.

v. That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school. The

Defendant's Initials P.A.A.

defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update her registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

vi. That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's

Defendant's Initials R.A.A.

computer usage, if directed by the Probation Officer.

(d) The government will recommend that the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) The government will recommend that the defendant pay a special assessment fee of $5300, said amount due and owing as of the date sentence is pronounced; and,

(f) Should the government learn that the defendant has sexually abused or assaulted any minor (other than the minor victim in this case), or committed any other crime of violence or if any new victim should come forward prior to the defendant's sentencing, this agreement will be considered null and void.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, PATRICIA ALLANA AYERS, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution,**

**and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.**

**The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:**

**(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);**

**(b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and**

**(c) Ineffective assistance of counsel.**

**The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized**

Defendant's Initials P.A.A.

**by statute.**

**I, PATRICIA ALLANA AYERS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

Patricia Allana Ayers
**PATRICIA ALLANA AYERS**

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the

Defendant's Initials P.AA

Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to**

Defendant's Initials R.A.A.

**make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order

Defendant's Initials R.A.A.

to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant's Initials P.A.A.

## XII.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of

Defendant's Initials P.A.A.

twenty (20) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: ___________________________________

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually

Defendant's Initials P.A.A.

and as a total binding agreement.

6-24-14
DATE

Patricia Allana Ayers
PATRICIA ALLANA AYERS
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

6-24-14
DATE

[signature]
MICHAEL TEWALT, ESQ.
Defendant's Counsel

Defendant's Initials P.A.A.

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

6-26-2014
DATE

Mary Stuart Burrell
MARY STUART BURRELL
Assistant United States Attorney

Defendant's Initials R.A.A.

30

FILED
2014 Oct-23 PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

v.

Case Number 5:14-CR-117-LSC-SGC (001)

PATRICIA ALLANA AYERS
Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, PATRICIA ALLANA AYERS, was represented by Michael T. Tewalt.

On motion of the United States, the court has dismissed EVEN numbered counts 2 - 106 and count 107.

The defendant pleaded guilty to **ODD** numbered counts 1 - 105. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | **ODD** Count Numbers |
|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 1 - 105 |

As pronounced on October 22, 2014, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $5,300.00, for **ODD** numbered counts 1 - 105, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 23rd day of October, 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
123966

Defendant: PATRICIA ALLANA AYERS
Case Number: 5:14-CR-117-LSC-SGC (001)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a **TOTAL TERM of 19,080 months.** This sentence is comprised of 360 months as to each of the ODD numbered counts 1 - 105, separately, with each count to be served consecutively with the other.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

____________________________________________________________
____________________________________________________________
____________________________________________________________
____________________________________________________________

Defendant delivered on _______________ to _________________________ at ____________________, with a certified copy of this Judgment.

________________________________________
United States Marshal

By ________________________________________
Deputy Marshal

Defendant: PATRICIA ALLANA AYERS
Case Number: 5:14-CR-117-LSC-SGC (001)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE**. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

Defendant: PATRICIA ALLANA AYERS
Case Number: 5:14-CR-117-LSC-SGC (001)

**CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE**

(17) Upon imposition of the special condition by the Court or upon a court order entered during the period of probation or supervision for good cause shown, the defendant shall be placed in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) based upon a history of drug or alcohol abuse, a positive urinalysis, or evidence of excessive use of alcohol. This program includes (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse; (b) a drug treatment program which includes education, individual or group counseling, or residential treatment, provided by the probation office or an approved vendor; (c) placement in a community corrections center (halfway house) for up to 270 days; and/or (d) home confinement subject to electronic monitoring for up to 180 days. Participation in the program shall be under the administrative supervision of the probation officer, and the defendant shall contribute to the costs of participation unless the probation officer determines that the defendant does not have the ability to do so.

(18) The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

(19) The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

(20) If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

(21) For a defendant convicted for the first time of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall attend a public, private, or private non-profit offender rehabilitation program approved by the court and under the administrative supervision of the probation office, if an approved program is available within a 50-mile radius of the defendant's legal residence.

(22) For any defendant required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the terms of the Act under the administrative supervision of the probation officer. Specifically, the defendant, if convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation office, and shall register as a sex offender in any State where the defendant resides, is employed, carries on a vocation, or is a student.

Defendant: PATRICIA ALLANA AYERS
Case Number: 5:14-CR-117-LSC-SGC (001)

**SPECIAL CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not have any unsupervised, one-to-one contact with any children under the age of 18, including her own children.
2) The defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of 18.
3) The defendant, being a felon and being required to register under the Sex Offender Registration and Notification Act, shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.
4) The defendant shall allow the probation officer access to any photographs and/or video recordings he may possess.
5) Pursuant to the Adam Walsh Child Protection Act of 2006, the defendant shall register as a sex offender not later than three (3) business days from release, if placed on supervised release, or sentencing, if placed on probation. The defendant shall keep the registration current in each jurisdiction in which he resides, is employed, or is a student. The defendant shall, not later than three (3) business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information. Failure to do so may not only be a violation of this condition but also may be a new federal offense punishable by up to ten (10) years imprisonment.
6) The defendant shall participate in an approved mental health treatment program specializing in sex offender treatment under the administrative supervision of the probation officer. This program may include a psycho-sexual evaluation; family, group, and/or individual counseling; and psychological and clinical polygraph testing. The results of the polygraph examinations may not be used as evidence in Court for the purpose of revocation of supervision, but may be considered in a hearing to modify conditions of release. While participating in treatment, the defendant shall abide by all rules and requirements of the program. The defendant shall contribute to the cost of treatment and polygraph testing unless the probation officer determines that the defendant does not have the ability to do so.

37

FILED
2014 Nov-03 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

Patricia Ayers
5/6/14

Morgan Co. Jail

[signature]

Patricia Ayers
10-29-14

Lauderdale Co. Jail

[signature]

39

FILED
2014 Nov-05 PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No.: 5:14-cr-117-LSC-SGC** |
| | ) | |
| **PATRICIA ALLANA AYERS** | ) | |

## NOTICE OF APPEAL

**COMES NOW**, the Defendant Patricia Allana Ayers, by and through her undersigned counsel of record, the Office of the Federal Public Defender, and files this notice of appeal of the Judgment entered on October 23, 2014. Ms. Ayers has previously been found to be indigent and entitled to appointed counsel. She is therefore entitled, pursuant to 18 U.S.C. § 3006A(d)(7), to proceed with this appeal without prepayment of fees and costs or security therefore and without filing the affidavit required by 28 U.S.C. § 1915(a).

This 5th day of November, 2014.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender

**/s/ Michael Tewalt**
Michael Tewalt
Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Alabama
200 Clinton Avenue West, Suite 503
Huntsville, Alabama 35801
(256) 684-8700 Office
Michael_Tewalt@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

Respectfully submitted,

**/s/ Michael Tewalt**

48

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA, 5:14-CR-117-LSC

PLAINTIFF, JUNE 26, 2014

V. TUSCALOOSA, AL

PATRICIA ALLANA AYERS,

DEFENDANT.

* * * * * * * * * * * * *

TRANSCRIPT OF GUILTY PLEA HEARING
BEFORE THE HONORABLE L. SCOTT COOGLER,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE UNITED STATES:

MARY STUART BURRELL, ESQ.

ASSISTANT UNITED STATES ATTORNEY

HUNTSVILLE, ALABAMA

FOR THE DEFENDANT:

MICHAEL TEWALT, ESQ.

ASSISTANT FEDERAL PUBLIC DEFENDER

BIRMINGHAM, ALABAMA

COURT REPORTER:

LINDY M. FULLER, RMR, CRR, CBC

FEDERAL OFFICIAL COURT REPORTER

BIRMINGHAM, ALABAMA

P R O C E E D I N G S

(IN OPEN COURT)

THE COURT: ALL RIGHT THIS IS UNITED STATES OF AMERICA V. PATRICIA AYERS, CASE NUMBER 2014-117. WE ARE HERE FOR THE PURPOSE OF ALLOWING THE DEFENDANT TO ENTER A PLEA OF GUILTY, IF SHE WISH TOSS DO THAT. IS THE GOVERNMENT READY TO PROCEED?

MS. BURRELL: WE ARE READY, YOUR HONOR.

THE COURT: DEFENSE READY TO PROCEED?

MR. TEWALT: YES, YOUR HONOR.

THE COURT: MS. AYERS, I HAVE SET THIS AS AN OPPORTUNITY FOR YOU TO PLEAD GUILTY, IF YOU WISH TO DO THAT, BUT I AM GOING TO HAVE SOME QUESTIONS TO ASK YOU. YOUR RESPONSES TO MY QUESTIONS WILL BE MATERIAL TO THE DECISIONS THAT I INTEND TO MAKE, AND I WILL TELL YOU THIS. YOU WILL BE PLACED UNDER OATH. IF YOU DON'T GIVE FULL, COMPLETE, AND HONEST RESPONSES TO MY QUESTIONS, YOU COULD BE CHARGED WITH PERJURY AS AN ADDITIONAL OFFENSE.

DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: OKAY. SWEAR HER IN, PLEASE.

(DEFENDANT DULY SWORN)

THE COURT: TELL ME YOUR FULL NAME, PLEASE.

THE DEFENDANT: PATRICIA ALLANA AYERS.

THE COURT: AND WHAT'S YOUR DATE OF BIRTH?

THE DEFENDANT: MAY 20, 1980.

THE COURT: HOW FAR DID YOU GET IN SCHOOL?

THE DEFENDANT: A YEAR AND A HALF COLLEGE.

THE COURT: SO YOU CAN READ, SPEAK, AND UNDERSTAND THE ENGLISH LANGUAGE; IS THAT CORRECT?

THE DEFENDANT: YES, SIR.

THE COURT: I ASK YOU THAT BECAUSE YOU HAVE ENCOUNTERED VARIOUS DOCUMENTS IN THIS CASE. HAVE YOU BEEN ABLE TO READ THEM?

THE DEFENDANT: YES, SIR.

THE COURT: HAVE YOU BEEN ABLE TO UNDERSTAND THEM?

THE DEFENDANT: YES, SIR.

THE COURT: LET TALK ABOUT YOUR LAWYER BEFORE WE GO ANY FURTHER; HE IS SITTING RIGHT THERE BESIDE YOU. HOW HAS HE DONE AS FAR AS AN ATTORNEY GOES?

THE DEFENDANT: HE HAS BEEN GREAT.

THE COURT: DO YOU HAVE ANY COMPLAINTS ABOUT HIS REPRESENTATION OF YOU?

THE DEFENDANT: NO, SIR.

THE COURT: HAS HE SPENT WHAT YOU THINK TO BE A SUFFICIENT AMOUNT OF TIME HELPING YOU WITH YOUR CASE?

THE DEFENDANT: YES, SIR.

THE COURT: HAS HE BEEN ABLE TO EXPLAIN ALL THE DOCUMENTS AND THINGS LIKE THAT, THAT YOU HAVE ENCOUNTERED IN THIS CASE?

THE DEFENDANT: YES, SIR.

THE COURT: IN THE LAST TWO DAYS, HAVE YOU CONSUMED ANY ALCOHOLIC BEVERAGE?

THE DEFENDANT: NO, SIR.

THE COURT: I KNOW YOU ARE IN CUSTODY BUT, BELIEVE IT OR NOT, STRANGER THINGS HAVE HAPPENED.

IN THE LAST TWO DAYS, HAVE YOU TAKEN ANY DRUGS, LEGAL OR ILLEGAL?

THE DEFENDANT: NO, SIR.

THE COURT: THERE IS A DOCUMENT THAT YOU HAVE FILED CALL GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION, AND IT APPEARS TO HAVE YOUR INITIALS GOING DOWN ONE SIDE OF EACH PAGE. ARE THOSE YOUR INITIALS?

THE DEFENDANT: YES, SIR.

THE COURT: YOUR LAWYER'S SHOWING YOU A COPY OF THAT DOCUMENT. HAVE YOU SEEN IT BEFORE?

THE DEFENDANT: YES, SIR.

THE COURT: AND ARE THOSE YOUR INITIALS?

THE DEFENDANT: YES, SIR.

THE COURT: IS THAT YOUR SIGNATURE ON THE LAST PAGE?

THE DEFENDANT: YES, SIR.

THE COURT: DID YOU READ THIS DOCUMENT BEFORE YOU SIGNED IT?

THE DEFENDANT: YES, SIR.

THE COURT: DID YOUR LAWYER ALSO EXPLAIN IT TO YOU?

THE DEFENDANT: YES, SIR.

THE COURT: BASED UPON YOUR LAWYER GOING OVER THAT DOCUMENT WITH YOU AND YOUR READING IT, DO YOU UNDERSTAND THE RIGHTS AND THE INFORMATION THAT ARE CONTAINED IN THAT DOCUMENT?

THE DEFENDANT: YES, SIR.

THE COURT: DO YOU HAVE ANY QUESTIONS ABOUT THE RIGHTS OR THE INFORMATION OR THE DOCUMENT ITSELF?

THE DEFENDANT: NO, SIR.

THE COURT: ARE YOU SUFFERING FROM ANY MENTAL OR EMOTIONAL IMPAIRMENT OR PHYSICAL ILLNESS THAT MIGHT AFFECT YOUR ABILITY TO UNDERSTAND WHAT WE ARE DOING?

THE DEFENDANT: NO, SIR.

THE COURT: DID YOU RECEIVE A COPY OF THE INDICTMENT IN THIS CASE?

THE DEFENDANT: YES, SIR.

THE COURT: AND I BELIEVE AT ONE TIME YOU APPEARED BEFORE ANOTHER JUDGE, WE CALL IT AN ARRAIGNMENT, AND THAT JUDGE WOULD HAVE ASKED YOU HOW YOU PLED AND YOU SAID YOU PLED NOT GUILTY. DO YOU REMEMBER THAT?

THE DEFENDANT: YES, SIR.

THE COURT: NOW, WHEN YOU DID THAT, WHEN YOU PLED NOT GUILTY OF THE CHARGES AGAINST YOU, THAT MAKES SURE THAT YOU WILL NOT BE CONVICTED OF ANYTHING UNLESS ONE OF TWO THINGS HAPPEN. EITHER, ONE, WE HAVE A TRIAL AND A JURY OF YOUR PEERS SITS OVER IN THE JURY BOX AND MAKES A DECISION AS TO WHETHER OR NOT YOU ARE GUILTY OR INNOCENT -- WE CALL THIS A TRIAL. THE OTHER WAY IS IF YOU PLEAD GUILTY AND I ACCEPT THE GUILTY PLEA, AND THAT'S WHAT WE ARE TALKING ABOUT DOING TODAY. I WILL MAKE A DECISION WHETHER I AM GOING

TO TAKE IT OR NOT. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: IF YOU ELECT TO GO TO TRIAL, WHICH IS YOUR ABSOLUTE RIGHT TO DO, THEN YOU WOULD BE NOT ONLY ENTITLED TO BE REPRESENTED BY A CONSTITUTIONALLY ADEQUATE ATTORNEY SUCH AS THE GENTLEMAN THERE WITH YOU -- AS A MATTER OF FACT, WHILE WE ARE THERE, I CAN TELL YOU THIS. EVEN IF YOU PLEAD GUILTY, YOUR ATTORNEY, YOU WILL BE ENTITLED TO THAT REPRESENTATION THROUGHOUT THE PROCESS, THE SENTENCING AND ANY APPEAL IF NECESSARY. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: SO, IF YOU GO TO TRIAL, THE GOVERNMENT WOULD HAVE THE BURDEN OF PROVING YOU GUILTY BEYOND A REASONABLE DOUBT. YOU HAVE NO BURDEN OF PROOF WHATSOEVER IN THIS CASE. AND IF THE GOVERNMENT WERE TO FAIL TO PROVE YOU GUILTY BEYOND A REASONABLE DOUBT, YOU WOULD BE ENTITLED TO A VERDICT OF NOT GUILTY. DO YOU UNDERSTAND ME?

THE DEFENDANT: YES, SIR.

THE COURT: IN FACT, THERE IS SOMETHING CALLED PRESUMPTION OF INNOCENCE THAT ATTACHED TO YOU WHEN YOU PLED NOT GUILTY AT THE ARRAIGNMENT,

AND THAT CONTINUES TO BE WITH YOU THROUGHOUT THE ENTIRE PROCESS, RIGHT UP UNTIL THE TIME I ACCEPT YOUR GUILTY PLEA. OF IF YOU GO TO TRIAL, THE JURY WOULD CONSIDER THAT AS EVIDENCE IN YOUR FAVOR.

AT TRIAL, YOU WOULD HAVE NOT ONLY THE RIGHT TO CONFRONT AND CROSS EXAMINE ALL THE WITNESSES AND ALL THE EVIDENCE AGAINST YOU BUT YOU WOULD HAVE THE RIGHT TO CALL YOUR OWN WITNESSES TO COME TESTIFY AND PRESENT EVIDENCE IN YOUR FAVOR. AND YOU WOULD ALSO HAVE THE RIGHT TO TAKE THE WITNESS STAND AND TESTIFY. BUT THAT'S A RIGHT -- IT'S NOT AN OBLIGATION. YOU, IN FACT, MAKE THE DECISION AS TO WHETHER OR NOT YOU ARE GOING TO TESTIFY IN YOUR OWN TRIAL. YOU CAN GET ADVICE FROM YOUR ATTORNEY OR YOUR THIRD COUSIN, TWICE REMOVED, BUT IT DOESN'T MATTER -- YOU'RE THE ONE WHO MAKES THE DECISION AS TO WHETHER OR NOT YOU TESTIFY. DO YOU UNDERSTAND ME?

THE DEFENDANT: YES, SIR.

THE COURT: IF YOU ELECT TO TESTIFY, THE GOVERNMENT WOULD HAVE THE RIGHT TO CROSS EXAMINE YOU. BUT IF YOU DECIDE NOT TO TESTIFY, THE GOVERNMENT WOULD NOT BE ALLOWED TO SAY ANYTHING AT ALL ABOUT THAT TO THE JURY.

DO YOU HAVE ANY QUESTIONS ABOUT ANY OF

THAT?

THE DEFENDANT: NO, SIR.

THE COURT: SO, IF YOU PLEAD GUILTY AND I ACCEPT YOUR GUILTY PLEA, THEN YOU WILL BE GIVING UP SOME THINGS. YOU ARE GOING TO GIVE UP THE PRESUMPTION THAT YOU ARE NOT GUILTY. YOU ARE GOING TO GIVE UP THE RIGHT TO INSIST UPON PROOF BEYOND A REASONABLE DOUBT. YOU ARE GOING TO GIVE UP THE RIGHT TO A TRIAL BY JURY. YOU ARE GOING TO GIVE UP THE RIGHT TO CONFRONT AND CROSS EXAMINE THE WITNESSES AGAINST YOU. YOU ARE GOING TO GIVE UP THE RIGHT TO CALL WITNESSES TO TESTIFY IN YOUR BEHALF. YOU ARE GOING TO GIVE UP THE RIGHT TO REFUSE TO TESTIFY BECAUSE, BY PLEADING GUILTY, YOU DO TESTIFY; YOU ARE, IN FACT, TELLING ME THAT YOU ARE GUILTY AND READY TO BE SENTENCED.

IF YOU PLEAD GUILTY AND I ACCEPT YOUR GUILTY PLEA, YOU WILL BE JUST AS GUILTY AS IF WE HAD A TRIAL AND THE JURY FOUND YOU GUILTY. THE ONLY THING THAT WILL BE LEFT FOR US TO DO WILL BE TO PRONOUNCE YOU GUILTY, SET YOUR SENTENCING, AND, AT THE CONCLUSION, SENTENCE YOU.

DO YOU HAVE ANY QUESTIONS ABOUT THAT?

THE DEFENDANT: NO, SIR.

THE COURT: ALL RIGHT. AS PART OF WHAT

I DO IN THIS PROCESS, I HAVE TO MAKE A DECISION ABOUT WHETHER YOU UNDERSTAND WHAT'S GOING ON, WHETHER YOU UNDERSTAND WHAT THE GOVERNMENT HAS TO PROVE TO PROVE YOU GUILTY OF THE OFFENSE. AND ALL OF THIS IS MY EFFORT TO EVALUATE WHETHER THIS IS A KNOWING, FREE, AND VOLUNTARILY ACT OF PLEADING GUILTY. SO, TO DO THAT, I AM GOING TO ASK THE GOVERNMENT TO EXPLAIN WHAT WE CALL THE NATURE AND MATERIAL ELEMENTS OF THE OFFENSES THAT YOU ARE CHARGED WITH IN THE INDICTMENT, THE ONES THAT YOU INTEND TO PLEAD GUILTY TO, OKAY?

THE DEFENDANT: YES, SIR.

THE COURT: THE GOVERNMENT WILL EXPLAIN THEM -- I THINK THERE IS TWO, THREE DIFFERENT TYPES OF OFFENSES. IS THAT CORRECT, GOVERNMENT?

MS. BURRELL: YES, YOUR HONOR.

THE COURT: THREE DIFFERENT CHARGES, EVEN THOUGH THERE IS MULTIPLE COUNTS SPREAD WITH THOSE PARTICULAR CHARGES. SO IF YOU WOULD, LISTEN TO WHAT THE GOVERNMENT EXPLAINS AT THIS POINT.

THE DEFENDANT: YES, SIR.

MS. BURRELL: SO, YOUR HONOR, I GUESS I MISUNDERSTOOD WHAT YOU WANTED ME TO DO. IN THE BEGINNING, YOU WANT ME TO EXPLAIN JUST WHAT SHE IS PLEADING GUILTY TO?

THE COURT: THAT'S RIGHT. JUST THE TWO TYPES OFFENSES OR WILL THERE BE THREE?

MS. BURRELL: THERE WOULD JUST BE ONE.

THE COURT: OKAY.

MS. BURRELL: THIS WAS ACTUALLY A 107 COUNT INDICTMENT ORIGINALLY. ONE THROUGH 105, COUNTS ONE THROUGH 105, THE ODD NUMBERED COUNTS, ARE WHAT SHE IS GOING TO PLEAD GUILTY TO TODAY. THERE WERE ALSO COUNTS TWO THROUGH 106, THE EVEN NUMBER COUNTS, WAS AN ALTERNATIVE WAY OF PROVING PRODUCTION OF CHILD PORNOGRAPHY, AND SHE COULD HAVE BEEN CONVICTED, HAD WE GONE TO TRIAL, OF ALL OF THOSE. AND THEN THE LAST COUNT WAS COUNT 107, WHICH WAS POSSESSION OF CHILD PORNOGRAPHY. SHE WILL NOT BE PLEADING TO THAT TODAY EITHER.

THE COURT: ALL RIGHT.

MS. BURRELL: SHE IS GOING TO PLEAD GUILTY TO COUNTS ONE THROUGH 105, THE EVEN NUMBERS.

THE COURT: ODD NUMBERS?

MS. BURRELL: EXCUSE ME, THE ODD NUMBERS. AND THOSE ARE COUNTS ONE, THREE, FIVE, SEVEN, NINE, 11, 13, 15, 17, 10, 21, 23, 25, 2, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61 63, 65, 67, 69, 71, 73, 75, 77,

79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, AND 105.

THOSE CHARGE HER WITH REDUCTION OF CHILD PORNOGRAPHY, THE FIRST WAY TO PROVE IT, AND THE ELEMENTS OF THOSE OFFENSES ARE THAT THE DEFENDANT EMPLOYED, USED, PERSUADED, INDUCED, ENTICED, OR COERCED THE VICTIM TO TAKE PART IN SEXUALLY-EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING A VISUAL DEPICTION OF SUCH CONDUCT. THAT, AT THE TIME, THE VICTIM WAS A MINOR. AND THAT THE DEFENDANT KNEW OR HAD REASON TO KNOW THAT SUCH VISUAL DEPICTION WOULD BE TRANSPORTED AND TRANSMITTED USING A MEANS AND FACILITY OF INTERSTATE AND FOREIGN COMMERCE AND IN AND AFFECTING INTERSTATE AND FOREIGN COMMERCE. OR, THAT SAID VISUAL DEPICTION WAS PRODUCED AND TRANSMITTED USING MATERIALS THAT HAD BEEN MAILED, SHIPPED, AND TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE BY ANY MEANS. OR THAT SUCH VISUAL DEPICTION HAS ACTUALLY BEEN TRANSPORTED AND TRANSMITTED USING ANY MEANS AND FACILITY OF INTERSTATE AND FOREIGN COMMERCE AND IN AND AFFECTING INTERSTATE AND FOREIGN COMMERCE.

AND, YOUR HONOR, I WILL TELL YOU THAT THE OTHER COUNTS THAT WE ARE GOING TO DISMISS, THE

OTHER COUNTS, TWO THROUGH 106, THE EVEN NUMBERED COUNTS, THE ELEMENTS OF THAT OFFENSE WERE SUBSTANTIALLY THE SAME. THE ONLY DIFFERENCE, REALLY, WAS THAT THE PICTURES DEPICTED A VICTIM WHO WAS IN THE CUSTODY OF EITHER THEIR ACTUAL PARENT OR LEGAL CUSTODIAN AND THAT ADULT ALLOWED THE CHILD TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING A VISUAL IMAGE OF THOSE. THAT WOULD BE THE ONLY DIFFERENCE BETWEEN THE TWO. BUT HAD WE GONE TO TRIAL, SHE COULD HAVE BEEN CONVICTED OF ALL OF IT, EVEN THOUGH EACH PICTURE THAT WE RECOVERED WAS CHARGED EACH DIFFERENT WAY BECAUSE THEY HAVE DIFFERENT ELEMENTS OF THE OFFENSES. SHE COULD HAVE BEEN CONVICTED OF ALL OF THEM.

AND IN THE LAST COUNT, POSSESSION OF CHILD PORNOGRAPHY, WAS JUST HER POSSESSION OF ALL OF THESE IMAGES AT ONE TIME OR ANOTHER.

THE COURT: ALL RIGHT. DID YOU HEAR WHAT THE GOVERNMENT SAID ABOUT THOSE ELEMENTS?

THE DEFENDANT: YES, SIR.

THE COURT: THE ONLY THING I WOULD ADD TO IT IS THE TERM KNOWINGLY AS WAS USED BY THE GOVERNMENT MEANS THAT THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY, NOT BECAUSE OF MISTAKE OR

ACCIDENT.

NOW, I WANT TO MAKE SURE THAT YOU UNDERSTAND WHAT THE GOVERNMENT HAS TO PROVE TO PROVE YOU GUILTY OF THOSE PARTICULAR OFFENSES. DO YOU UNDERSTAND WHAT THE GOVERNMENT HAS TO PROVE TO PROVE YOU GUILTY OF COUNTS ONE THROUGH 105, ODD-NUMBERED COUNTS?

THE DEFENDANT: YES, SIR.

THE COURT: IS THE DEFENSE ATTORNEY SATISFIED TO THAT INFORMATION?

MR. TEWALT: YES, YOUR HONOR.

THE COURT: ANOTHER THING I NEED TO MAKE SURE THAT YOU UNDERSTAND IS RANGE OF PUNISHMENT, AND THERE IS TWO RANGES OF PUNISHMENT WE ARE GOING TO TALK ABOUT. ONE IS THE STATUTORY RANGE, THE OTHER IS THE SENTENCING GUIDELINE RANGE. I ASSUME YOUR ATTORNEY HAS TALKED TO YOU ABOUT WHAT THE SENTENCING GUIDELINE RANGE WOULD END UP BEING IN YOUR CASE, OR WHAT HE ANTICIPATED IT WOULD END UP BEING. HAS HE DONE THAT?

THE DEFENDANT: YES, SIR.

THE COURT: AND I WANT YOU TO KNOW HE COULD HAVE IT EXACTLY CORRECT. THEN AGAIN, HE MIGHT HAVE IT WRONG. NOBODY CAN TELL YOU WHAT YOUR GUIDELINE RANGE WILL END UP BEING UNTIL WE

HAVE YOUR SENTENCING HEARING AND I DECIDE WHAT COMES IN AND WHAT DOESN'T COME IN, IN YOUR CASE. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: I WILL ALSO TELL YOU THIS. THE ADVISORY GUIDELINE RANGE IS JUST THAT -- IT'S ADVISORY. IT'S TO HELP ME DETERMINE AN APPROPRIATE SENTENCE TO GIVE YOU. MY JOB WOULD BE TO SENTENCE YOU TO A SENTENCE WHICH IS SUFFICIENT BUT NOT MORE THAN NECESSARY TO ACCOMPLISH THE SENTENCING GOALS SET FORTH IN THE FEDERAL STATUTES. I WILL CONSIDER THE GUIDELINE RANGE APPROPRIATELY CALCULATED BUT I AM NOT BOUND BY IT. IT'S AN IMPORTANT FACTOR BUT IT'S NOT THE END OF IT.

DO YOU UNDERSTAND ALL THAT?

THE DEFENDANT: YES, SIR, I DO.

THE COURT: IF YOUR LAWYER HAPPENS TO HAVE THE GUIDELINE RANGE INCORRECTLY, IT WOULD NOT CONSTITUTE A REASON FOR TO YOU ASK ME LATER TO SET ASIDE YOUR GUILTY PLEA. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: OKAY. WE ARE, HOWEVER, ALL BOUND BY THE STATUTORY RANGE OF PUNISHMENT IN YOUR CASE AND THE STATUTORY RANGE OF PUNISHMENT IS AS

FOLLOWS.

AS TO EACH COUNT, YOU ARE SUBJECT TO A FINE OF NO MORE THAN $250,000; IN-CUSTODY IMPRISONMENT OF NO LESS THAN 15 YEARS, NO MORE THAN 30 YEARS; AND SUPERVISED RELEASE FOLLOWING YOUR IMPRISONMENT OF NOT LESS THAN FIVE YEARS, NO MORE THAN YOUR LIFETIME. AN ASSESSMENT FEE OF $100 WOULD APPLY AS TO EACH COUNT, RESTITUTION DOES APPLY, AND THE SENTENCING GUIDELINES APPLY AS WELL.

NOW, IS IT MY UNDERSTANDING THE GOVERNMENT IS NOT GOING TO CONTEND -- WELL, IF YOU HAD PRIOR CONVICTIONS -- IS THERE ANY EVIDENCE OF PRIOR CONVICTIONS?

MS. BURRELL: SHE DOES NOT, YOUR HONOR.

THE COURT: WELL, I WILL SAY THIS. IF YOU HAVE A PRIOR CONVICTION, ONE OR MORE PRIOR CONVICTIONS FOR CERTAIN RELATED OFFENSES, YOUR PUNISHMENT WOULD CHANGE AND I ASSUME YOUR LAWYERS TALKED TO YOU ABOUT THAT TO MAKE SURE THAT YOU DON'T HAVE SUCH PRIOR CONVICTIONS; IS THAT CORRECT?

THE DEFENDANT: YES, SIR.

THE COURT: BUT IF YOU DO HAVE THAT, YOUR PUNISHMENT WOULD CHANGE AND WILL BECOME IN

CUSTODY IMPRISONMENT NO LESS THAN 25 YEARS, NO MORE THAN 50 YEARS -- ONE PRIOR CONVICTION -- AND NOT LESS THAN 35 YEARS, NO MORE THAN YOUR LIFETIME WITH TWO OR MORE PRIOR CONVICTION FOR RELATED OFFENSES.

NOW, DO YOU UNDERSTAND THE RANGE OF PUNISHMENT YOU ARE FACING IN THIS CASE OR DO YOU NEED ME TO EXPLAIN THAT?

THE DEFENDANT: I UNDERSTAND, SIR.

THE COURT: AND THERE IS A FORFEITURE ALLEGED IN THE INDICTMENT AS WELL?

MS. BURRELL: YES, SIR. IT INVOLVES ALL OF THE EQUIPMENT USED TO PRODUCE THE IMAGES OF THIS CHILD. IT WAS A PHONE AND A CAMERA.

THE COURT: I AM GOING TO TELL YOU, THESE ARE FELONIES AND, AS SUCH, MAY DEPRIVE YOU OF VALUABLE CIVIL RIGHTS SUCH AS THE RIGHT TO VOTE, HOLD PUBLIC OFFICE, SERVE ON A JURY, OR POSSESS ANY TYPE OF FIREARM. AND IF YOU ARE AN ALIEN FROM ANOTHER COUNTRY IT COULD RESULT IN YOUR DEPORTATION.

DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, YOUR HONOR.

THE COURT: PLEA AGREEMENTS ARE PERMITTED BUT YOU HAVE TO DISCLOSE THE EXISTENCE

OF THE PLEA AGREEMENT AS WELL AS THE TERMS AND CONDITIONS OF THE PLEA AGREEMENT, AND I HAVE BEFORE ME A DOCUMENT THAT'S ENTITLED PLEA AGREEMENT. IT APPEARS TO HAVE YOUR INITIALS ON THE BOTTOM CORNER OF EACH PAGE. YOUR LAWYER'S SHOWING YOU A COPY OF THAT DOCUMENT THAT HAS BEEN FILED WITH THE COURT.

IS THAT YOUR PLEA AGREEMENT?

THE DEFENDANT: YES, SIR.

THE COURT: HAVE YOU READ IT?

THE DEFENDANT: YES, SIR.

THE COURT: DID YOU GO OVER IT WITH YOUR LAWYER?

THE DEFENDANT: I DID, SIR.

THE COURT: DOES THIS DOCUMENT STATE ALL OF THE AGREEMENT YOU HAVE WITH THE GOVERNMENT?

THE DEFENDANT: YES, SIR.

THE COURT: I WILL ASK YOUR LAWYER, DOES THIS DOCUMENT STATE ALL THE AGREEMENT YOUR CLIENT HAS WITH THE GOVERNMENT?

MR. TEWALT: YES, YOUR HONOR, IT DOES.

THE COURT: AND GOVERNMENT, DOES THIS STATE ALL THE AGREEMENT THIS PARTICULAR DEFENDANT HAS WITH THE GOVERNMENT?

MS. BURRELL: IT DOES, YOUR HONOR.

THE COURT: ARE THOSE YOUR INITIALS IN THE BOTTOM CORNER OF EACH PAGE?

THE DEFENDANT: YES, SIR.

THE COURT: ON PAGE TWO AT THE VERY BOTTOM STARTS A SECTION CALLED FACTUAL BASIS FOR PLEA. AND IT'S A WHOLE LISTING OF WHAT THE GOVERNMENT CONTENDS HAPPENED. AND UNDERNEATH THAT ON PAGE SIX, AT THE BOTTOM OF THAT SECTION, THERE IS A STATEMENT SAYING THAT YOU STIPULATE TO THE FACTS ARE SUBSTANTIALLY CORRECT.

NOW, I NEED TO ASK YOU THIS. ARE THOSE FACTS AS STATED SUBSTANTIALLY CORRECT? DO THEY DEPICT WHAT REALLY OCCURRED AND SHOULD I RELY UPON THEM?

THE DEFENDANT: YES, SIR.

THE COURT: IS THAT YOUR SIGNATURE THERE ON PAGE SIX?

THE DEFENDANT: YES, SIR.

THE COURT: TURN, IF YOU WILL, TO PAGE 12 -- 13, I'M SORRY. IS THAT YOUR SIGNATURE ON PAGE 13 AT THE TOP?

THE DEFENDANT: YES, YOUR HONOR.

THE COURT: WHEN YOU SIGNED IT THERE ON PAGE 13, WERE YOU ACKNOWLEDGING THAT YOU HAD

WAIVED OR GIVEN UP YOUR RIGHT TO APPEAL OR TO FILE A POST-CONVICTION PETITION EXCEPT UNDER THE LIMITED CIRCUMSTANCES SET FORTH ABOVE YOUR SIGNATURE?

THE DEFENDANT: YES, YOUR HONOR.

THE COURT: AND THEN TURN TO THE NEXT TO THE LAST PAGE, PAGE 19; IS THAT YOUR SIGNATURE?

THE DEFENDANT: YES, YOUR HONOR.

THE COURT: I WANT YOU TO UNDERSTAND, THIS PLEA AGREEMENT YOU HAVE IS WITH THE GOVERNMENT, NOT WITH ME. DOESN'T MEAN I WON'T FOLLOW IT, DOESN'T MEAN I WILL FOLLOW IT. THIS PLEA AGREEMENT YOU HAVE WITH THE GOVERNMENT, DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: HAS ANYBODY THREATENED YOU, FORCED YOU, OR COERCED YOU IN ANY WAY TO GET YOU TO ENTER THE PLEA AGREEMENT?

THE DEFENDANT: NO, SIR.

THE COURT: THERE IS A FACTUAL BASIS STATED; WE TALKED ABOUT IT A MINUTE AGO. DO YOU NEED THE GOVERNMENT TO READ THAT OUT IN THE RECORD IN COURT OR ARE YOU OKAY WITH ACKNOWLEDGING IT, STIPULATING TO IT?

THE DEFENDANT: I AM OKAY WITH

ACKNOWLEDGING IT.

THE COURT: DOES THAT SATISFY THE DEFENSE?

MR. TEWALT: YES, YOUR HONOR.

THE COURT: DOES THAT SATISFY THE GOVERNMENT?

MS. BURRELL: YES, YOUR HONOR.

THE COURT: IS THERE ANYTHING YOU NEED TO ASK ME BEFORE I ASK YOU HOW YOU PLEAD?

THE DEFENDANT: NO, YOUR HONOR.

THE COURT: DO YOU UNDERSTAND THAT YOU HAVE A RIGHT TO PLEAD NOT GUILTY AND GO TO TRIAL?

THE DEFENDANT: YES, YOUR HONOR.

THE COURT: DO YOU UNDERSTAND IF YOU TELL ME YOU PLEAD GUILTY, YOU WILL NO LONGER HAVE THOSE RIGHTS?

THE DEFENDANT: YES, YOUR HONOR.

THE COURT: DO YOU KNOW ANY REASON I SHOULD NOT ACCEPT YOUR CLIENT'S GUILTY PLEA IF IT'S OFFERED?

MR. TEWALT: NO, YOUR HONOR.

THE COURT: DO YOU KNOW ANY REASON I SHOULD NOT ACCEPT THE DEFENDANT'S GUILTY PLEA IF IT'S OFFERED?

MS. BURRELL: NO, YOUR HONOR. I MET

ONE TIME AND SPOKE ON THE PHONE MANY TIMES WITH THE DEFENSE ATTORNEY. I HAVE NEVER PERSONALLY SPOKEN TO MS. AYERS BUT I AM QUITE SURE THAT SHE UNDERSTANDS WHAT SHE HAS BEEN CHARGED WITH. SHE HAS BEEN SITTING IN THE LAUDERDALE COUNTY JAIL FOR A WHILE NOW ON RELATED CHARGES AND SHE HAS GOT ATTORNEYS IN THAT CASE AS WELL, SO SHE HAS KNOWN THIS WAS COMING AND SHE KNOWS WHAT SHE IS CHARGED WITH. HER VERY GOOD DEFENSE ATTORNEY CAME OVER AND SPENT TIME AT MY OFFICE GOING THROUGH THE PHOTOGRAPHS IN DETAIL. THE PHOTOGRAPHS DEPICT -- MANY OF THE PHOTOGRAPHS ACTUALLY DEPICT MS. AYERS IN THE PHOTOGRAPHS, AND SHE IS AWARE OF THAT.

I DID PROVIDE THE DEFENSE ATTORNEY WITH EVERY BIT OF THE DISCOVERY IN THIS CASE EXCEPT FOR SOME OF THE REPORTS THAT I AM FORBIDDEN BY LAW TO GIVE HIM, SUCH AS DHR REPORTS AND COUNSELING REPORTS FOR THIS CHILD. SO, THEY HAVE HAD ACCESS TO ALL OF THE DISCOVERY.

I KNOW THAT HE HAS SPOKEN TO HER ON NUMEROUS OCCASIONS AND I KNOW THAT SHE HAS ALSO, SINCE SHE WAS ARRESTED WITH US, EXPRESSED HER DESIRE TO PLEA GUILTY TO THIS AND NOT PUT THE CHILD VICTIM THROUGH ANY KIND OF COURT PROCEEDING. SO I THINK SHE IS VERY AWARE OF

WHAT'S GOING ON HERE TODAY, WHAT SHE HAS BEEN CHARGED WITH, AND WHAT THE PROBABLE CONSEQUENCES ARE.

THE COURT: AND HOW OLD WAS THE CHILD VICTIM?

MS. BURRELL: SHE IS SEVEN OR EIGHT NOW. I DON'T KNOW IF SHE HAS HAD A BIRTHDAY. SHE IS YOUNGER THAN 12. SHE PREPUBESCENT FOR SURE.

THE COURT: ALL RIGHT. TO THE CHARGES MADE AGAINST YOU IN COUNTS ONE THROUGH 105, THE ODD NUMBERS -- IN OTHER WORDS, LIKE ONE, THREE, FIVE, ET CETERA, THE ODD NUMBERS BETWEEN ONE AND 105, HOW DO YOU PLEAD?

THE DEFENDANT: GUILTY, SIR.

THE COURT: IT IS THE FINDING OF THIS COURT THAT THE DEFENDANT IS FULLY COMPETENT AND CAPABLE OF ENTERING AN INFORMED PLEA, SHE IS AWARE OF THE NATURE OF THE CHARGES AND THE CONSEQUENCES OF HER PLEA, AND THAT THE PLEA OF GUILTY IS A KNOWING AND VOLUNTARILY PLEA SUPPORTED BY AN INDEPENDENT BASIS IN FACT CONTAINING EACH OF THE ESSENTIAL ELEMENTS OF THE OFFENSE.

THE PLEA AGREEMENT IS THEREFORE ACCEPTED. THE DEFENDANT IS NOW ADJUDGED GUILTY OF THAT OFFENSE -- OR THOSE OFFENSES, EXCUSE ME. AND

WE WILL SET YOU UP FOR SENTENCING AND GET YOU BACK FOR THAT.

THANK YOU.

THE DEFENDANT: THANK YOU YOUR HONOR.

(COURT IN RECESS)

*********************************************

C E R T I F I C A T E

*********************************************

IN RE: USA V. PATRICIA ALLANA AYERS

CASE #: 5:14-CR-117-LSC

I HEREBY CERTIFY THAT THE FOREGOING TRANSCRIPT IN THE ABOVE-STYLED CAUSE IS TRUE AND ACCURATE.

__________________________ MARCH 13, 2015

LINDY M. FULLER, RMR, CRR, CBC DATE

FEDERAL OFFICIAL COURT REPORTER

HUGO L. BLACK U.S. COURTHOUSE

1729 5TH AVENUE NORTH, SUITE

BIRMINGHAM, ALABAMA 35203

# B

USCA11 Case: 14-15042 Document: 21 Date Filed: 05/11/2015 Page: 191 of 191

## CERTIFICATE OF SERVICE

I certify that on May 11, 2015, the foregoing Record Excerpts were filed electronically using this Court's CM/ECF system and that a true and correct copy was served on counsel for the Appellee and on the Appellant by either first-class United States mail or Federal Express overnight delivery, postage prepaid, addressed as follows:

Michael B. Billingsley
Assistant United States Attorney
1801 4th Avenue North
Birmingham, Alabama 35303

Ms. Patricia Allana Ayers
#298397
Julia Tutwiler Prison for Women
8966 U.S. Highway 231 North
Wetumpka, Alabama 36092

On this same date, the original and additional copies of the foregoing Record Excerpts of Appellant were filed by Federal Express overnight delivery, postage prepaid, addressed as follows:

Clerk's Office — Appeal No. 14-15042
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

Allison Case

ALLISON CASE
Assistant Federal Public Defender
Northern District of Alabama
(205) 208-7170